# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAMSON RESOURCES CORPORATION, et al., | Bankruptcy Case No. 15-11934 (CSS) |
| Reorganized Debtors. | (Jointly Administered) |
| DIANE S. JONES, | |
| Appellant, | |
| v. | Civil Action No. 17-879-RGA |
| SAMSON RESOURCES CORPORATION, | |
| Appellee. | |

## **RECOMMENDATION**

At Wilmington this **5th** day of **September**, **2017**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, a teleconference was held on August 29, 2017 for an initial review and discussion with pro se appellant and counsel for appellees to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

During the teleconference, seven (7) pro se individuals participated.[1] According to parties to this appeal, there are twelve pro se individuals who are Parker Heirs, as referenced by the Bankruptcy Court in its decision of June 15, 2017. Only appellant Jones appealed the June 15, 2017 decision, although the decision addresses all of the Parker Heirs claims. In footnote three of his decision, the Honorable Brendan L. Shannon noted that the Parker Heirs filed twenty-two (22) claims to which the Debtors filed an Amended Second Omnibus (Substantive) Claims Objection, which objected, in part, to the various Parker Heirs' claims, each seeking $100 million on their respective royalty claims.[2] Judge Shannon disallowed the Parker Heirs' claims in full. It is this finding that is the subject of this appeal.

During the teleconference, it was learned that this matter was previously mediated through the Bankruptcy Court mediation program for a full day without success. Thereafter, further mediation efforts continued again without success. An evidentiary trial occurred on May 1 and 2 which addressed the issue of whether the Parker Heirs claims should be disallowed in their entirety. As noted previously, that trial resulted in the decision subject to the present appeal. Neither the Debtors nor the Settlement Trust,[3] appellees in the present appeal, believe that mediation would be productive. Further, appellees filed a Motion to Dismiss the Appeal for Lack of Appellate Jurisdiction on July 26, 2017.[4]

---

[1] Clifford Parker, one of the Parker Heirs, had difficulty connecting to the teleconference call and as a result did not participate in the entire teleconference which lasted close to one hour.

[2] According to the decision, the Parker Heirs filed claims that total over $2 billion in the aggregate.

[3] The Settlement Trust filed a Motion for Leave to Intervene as Appellee on August 2, 2017, which was fully briefed on August 23, 2017. See D.I. 9, 15, 16.

[4] Briefing is completed on this motion. See D.I. 5, 13, 14.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge